# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEANETTE E. HOLLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-13-442-JHP-KEW |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Jeanette E. Holland (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on December 30, 1988 and was 24 years old at the time of the ALJ's latest decision. Claimant completed her education through the ninth grade with special education classes. Claimant has no past relevant work. Claimant alleges an inability

to work beginning December 28, 2007 due to limitations resulting from panic, anxiety, agoraphobia, social phobia, borderline intellectual functioning, tachycardia, headaches, and chronic pain.

**Procedural History**

On December 28, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Eleanor Moser ("ALJ") on October 5, 2009. The ALJ issued an unfavorable decision on November 4, 2009. On January 24, 2011, the Appeals Council denied review. The ALJ's decision was appealed to this Court and was reversed and remanded on September 26, 2012. The Appeals Council vacated the ALJ's decision on November 13, 2012.

On remand, a further administrative hearing was conducted by ALJ James Bentley on May 14, 2013. On June 4, 2013, ALJ Trace Baldwin issued an unfavorable decision. The decision became final for purposes of this appeal after sixty days based upon the Appeals Council's failure to take further action to review the decision. 20 C.F.R. § 416.1484.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential

4

evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform less than a full range of light work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate the medical opinions of Claimant's treating physician; (2) failing to discuss uncontroverted and/or significantly probative evidence that conflicted with his findings; and (3) reaching an RFC finding which was legally flawed and not supported by substantial evidence.

### Evaluation of Opinion Evidence of Treating Physician

In his decision, the ALJ determined Claimant suffered from the severe impairments of affective disorder and anxiety related disorder, chronic pain syndrome, a history of supraventricular tachycardia, migraines, and borderline intellectual functioning. (Tr. 966). He concluded that Claimant retained the RFC to perform light work except that she could occasionally push/pull with the upper and lower extremities, could occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolding. She could frequently balance. She could occasionally stoop, kneel, crouch, and crawl. Claimant was found to have no manipulative, communicative, or visual limitations. She must not work on

5

unprotected heights, around dangerous moving equipment or machinery, or on uneven or unstable surfaces. (Tr. 968). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of small parts assembler, line attendant, and laundry bagger, all of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 973-74). Based upon these findings, the ALJ concluded Claimant was not disabled from December 28, 2007 through the date of the decision. (Tr. 974).

Claimant contends the ALJ failed to properly evaluate the opinion of her treating physician, Dr. Vergil D. Smith. On September 14, 2009, Dr. Smith authored a "to whom it may concern" letter which stated his diagnosis of Claimant's condition as a severe disorder of agoraphobia manifested by frequent panic attacks and continued anxiety. He outlines Claimant's fear of her next encounter of another human being causing a minimum of three panic attacks per day of 30 minutes to one hour in duration. Dr. Smith sets out his opinion that Claimant "cannot perform in the presence of others in most instances and it does not matter who the others are." He also stated that she sits in a chair with her arms folded across, her knees together, and her face down, answering questions with very low volume with yes/no and he found it hard to get her to

6

expound on any subject. He also states that he has been dealing with Claimant for a couple of years and that medication has helped a little bit "but it is not the answer." Dr. Smith concludes that Claimant "seems to be totally unemployable and seemingly unproductive in any way and I see not much hope for any improvement over this life-long condition." (Tr. 918-19).

The ALJ gave "little weight" to Dr. Smith's opinion. He rejected as "not supported by the credible evidence of record" Dr. Smith's recitation that Claimant experiences three panic attacks per day. (Tr. 970). He does not cite to any medical record which contradicts this finding. The ALJ states the Dr. Smith found Claimant's anxiety was alleviated by avoiding crowds and taking prescription medication. This misrepresents Dr. Smith's opinion. He neither stated the anxiety was alleviated by taking any action and specifically found that taking medication was "not the answer." This Court agrees that ultimate findings on the ability to engage in basic work activity is reserved to Defendant but the fact the professional offers an opinion on the issue does not provide a basis for entirely rejecting an expert's opinion.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d

1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons"

for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ's analysis of Dr. Smith's opinion and the bases for rejecting it was legally flawed. The ALJ failed to provide the specific and legitimate reasons for rejection demanded by the prevailing case authority. On remand, the ALJ shall re-evaluate Dr. Smith's opinion and provide a supported basis for his position on the weight afforded this treating physician.

### Discussion of the Probative Evidence

Claimant contends the ALJ omitted certain probative evidence in the record which did not support his ultimate finding of non-disability. The ALJ did, in fact, omit several potentially key pieces of evidence contained in the medical record which would not support a finding of non-disability. He did not reference the totality of Dr. Smith's findings before rejecting them, including

9

his objective findings as to Claimant's stance and ability to respond during his examinations. (Tr. 918-19). He also documented the severity of Claimant's agoraphobia including stating Claimant "has got about the worst introverted agoraphobia condition that I have ever seen." (Tr. 808). He also documented the failure of effective medication to treat Claimant's condition and her failure to progress in school because of her condition. (Tr. 804, 808-09).

The ALJ failed to reference Claimant's educational records which clearly reflect her problems with reading, communication, memory problems and requirements for special education. (Tr. 216-19, 222-23, 225-29, 232, 240, 246-49, 253-56, 261). The ALJ did not indicate he considered the findings of Dr. C. Robin McKirk who found Claimant to speak in a low voice and talked in a somewhat child-like manner with her words spoken in a slow and somewhat lethargic delivery. He also found Claimant only appeared to know how to smile based upon non-verbal cues while struggling to understand simple humor. (Tr. 585-86).

Certainly, it is well-recognized in this Circuit that an ALJ is not required to discuss every piece of evidence. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). However, he is required to discuss uncontroverted evidence not relied upon and significantly probative evidence that is rejected. Id. at 1010.

An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall re-examine the record and consider the various opinions concerning in particular Claimant's ability to interact with others and restrictions upon her mental abilities. Thereafter, the ALJ shall re-evaluate his findings on Claimant's RFC to insure that the totality of Claimant's mental limitations are accommodated.

### RFC Determination

This Court has determined that the ALJ failed to adequately consider evidence of Claimant's mental impairments and the limitations imposed by the same upon her ability to engage in basic work activity. On remand, the ALJ shall re-evaluate the effect of this evidence upon his RFC determination.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 13th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE